UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦

**Margaret and Tomas Zavalidroga,**

                      **Plaintiffs,**

              **-v-**                    **6:11-CV-831 (NAM/ATB)**

**Andrew M. Cuomo, individually and officially as
Governor of the State of New York, and Eric T.
Schneiderman, individually and officially as Attorney
General of the State of New York,**

                      **Defendants.**

♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦

APPEARANCES:

Margaret Zavalidroga
Tomas Zavalidroga
Plaintiffs, *pro se*

Hon. Eric T. Schneiderman, Attorney General of the State of New York
Adrienne J. Kerwin, Assistant Attorney General
James B. McGowan, Assistant Attorney General
The Capitol
Albany, New York 12224

**Hon. Norman A. Mordue, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### INTRODUCTION

In this *pro se* action under 42 U.S.C. § 1983 ("section 1983"), plaintiffs claim that New York State's Marriage Equality Act ("Act"), L.2011, ch. 95, 96 (eff. July 24, 2011), is unconstitutional on various grounds. Plaintiffs seek a judgment permanently prohibiting defendants from enforcing the Act, as well as monetary and declaratory relief.

Defendants move (Dkt. No. 15) to dismiss the complaint. Plaintiffs move (Dkt. No. 18)

for summary judgment. By order of this Court (Dkt. No. 20), plaintiffs' summary judgment motion was adjourned pending determination of defendants' motion to dismiss. As set forth below, the Court grants defendants' motion (Dkt. No. 15) to dismiss on the ground that plaintiffs lack standing; denies plaintiffs' motion (Dkt. No. 18) for summary judgment as moot; and dismisses the complaint without leave to replead.

## STANDARD ON MOTION TO DISMISS

On a motion to dismiss, a court must accept as true all factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *See ATSI Commc'n, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007). A complaint should be "especially liberally construed when it is submitted *pro se* and alleges civil rights violations." *Jacobs v. Mostow*, 271 Fed.Appx. 85, 87 (2d Cir. 2008) (citing *Fernandez v. Chertoff*, 471 F.3d 45, 51 (2d Cir. 2006)). The submissions of a *pro se* litigant should be interpreted to raise the strongest arguments that they suggest. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006). A court "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (citation omitted). Leave to amend is not warranted, however, when it would be futile. *Id.*

## STANDING

On their dismissal motion, defendants raise a number of issues. The Court first considers defendants' contention that plaintiffs lack standing, that is, that plaintiffs are not proper parties to request an adjudication of the particular issues raised in this action. *See Flast v. Cohen*, 392 U.S. 83, 100 (1968). The question of standing "focuses on the party seeking to get his complaint

before a federal court and not on the issues he wishes to have adjudicated." *Id.* at 99. The Supreme Court explains:

> Over the years, our cases have established that the irreducible constitutional minimum of standing contains three elements. First, the plaintiff must have suffered an injury in fact – an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of – the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court. Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992) (internal quotation marks, citations, alterations, and footnote omitted). A proper party is required "so that federal courts will not be asked to decide illdefined controversies over constitutional issues, or a case which is of a hypothetical or abstract character." *Flast*, 392 U.S. at 99-100 (internal quotation marks and citations omitted).

In considering plaintiffs' standing to litigate the constitutionality of the Act, the Court observes that plaintiffs do not allege that they are directly regulated by the Act. While it is true that a plaintiff may have standing "to challenge a statute that does not regulate him if he can show that the statute reasonably caused him to alter or cease certain conduct[,]" *Amnesty Intern. USA v. Clapper*, 638 F.3d 118, 143 (2d Cir. 2011), plaintiffs here make no such claim. Nor can such a claim reasonably be inferred from their allegations.

Plaintiffs allege standing based on their status as New York State taxpayers. State taxpayers, however, "do not have standing to challenge the actions of state government simply because they pay taxes to the state." *Board of Educ. of Mt. Sinai Union Free School Dist.*, 60 F.3d 106, 110 (2d Cir. 1995). Rather, a state taxpayer has standing only where he alleges injury

-3-

to a "direct and particular financial interest." *Doremus v. Board of Educ. of Hawthorne*, 342 U.S. 429, 435 (1952). Plaintiffs' speculation that they "will now have their State taxation increased to finance tax breaks and benefits to undeserving gay partners" clearly does not meet this standard. *See, e.g., DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 344 (2006) (rejecting standing where "the alleged injury is based on the asserted effect of the allegedly illegal [governmental] activity on public revenues, to which the taxpayer contributes."). Plaintiffs have no standing as taxpayers.

Plaintiffs also allege standing on the ground that they are citizens seeking to vindicate their rights to due process. Plaintiffs base their due process claim on their view that, in passing the Act, the Legislature engaged in numerous constitutional and procedural violations, and that a "gay marriage confederacy" has "foisted" its "social programs" upon "an invariably unwilling populace." Except where necessary to redress or prevent actual or imminent injury to a plaintiff, however, "courts have no charter to review and revise legislative ... action." *Summers v. Earth Is. Inst.*, 555 U.S. 488, 492 (2009). The Supreme Court "repeatedly has rejected claims of standing predicated on the right, possessed by every citizen, to require that the Government be administered according to law." *Valley Forge Christian Coll. v. Americans United for Separation of Church & State, Inc.*, 454 U.S. 464, 482-83 (1982) (internal quotation marks and citations omitted); *accord Commonwealth of Mass. v. Mellon*, 262 U.S. 447, 488 (1923) ("We have no power per se to review and annul acts of Congress on the ground that they are unconstitutional. That question may be considered only when the justification for some direct injury suffered or threatened, presenting a justiciable issue, is made to rest upon such an act."). Claims such as plaintiffs' "amount to little more than attempts 'to employ a federal court as a forum in which to air ... generalized grievances about the conduct of government.'" *Valley Forge*, 454 U.S. at 483

(quoting *Flast*, 392 U.S. at 106). No matter how liberally construed, plaintiffs' complaint alleges no actual or threatened direct injury stemming from the alleged governmental misconduct. Plaintiffs do not have standing to pursue these claims.

Plaintiffs further complain of abstract, speculative injuries such as forfeiture of their "cultural aspirations and expectations"; distortion of "the very concept of marriage"; "loss of their civil rights, property and way of life"; and denial of their rights to "liberty of conscience," "domestic tranquility," and "general welfare." Plaintiffs wholly fail to allege "an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Lujan*, 504 U.S. at 560 (internal quotation marks, citation, and footnote omitted)). Having failed to allege any "injury in fact," *id*., plaintiffs lack standing.

Read most liberally, the complaint gives no indication that plaintiffs may be able to establish standing to pursue the claims asserted. In view of plaintiffs' *pro se* status, the Court has reviewed their opposition papers and summary judgment motion papers to ascertain whether they may have a claim that could be cured by repleading. Plaintiffs' lack of standing to litigate the constitutionality of the Marriage Equality Act is, however, a substantive problem that cannot be cured by better pleading. *See Cuoco*, 222 F.3d at 112. Leave to replead would be futile; thus, the complaint is dismissed without leave to replead. *See id.* Accordingly, the Court does not reach the other issues raised by the parties.

**CONCLUSION**

It is therefore

ORDERED that defendants' motion (Dkt. No. 15) to dismiss the complaint is granted on the ground of lack of standing; and it is further

ORDERED that plaintiffs' motion (Dkt. No. 18) for summary judgment is denied as moot; and it is further

ORDERED that the complaint is dismissed without leave to replead; and it is further

ORDERED that the Clerk of the Court is directed to serve copies of this Memorandum-Decision and Order in accordance with the Local Rules of the Northern District of New York.

IT IS SO ORDERED.

July 31, 2012
Syracuse, New York

_____
Honorable Norman A. Mordue
U.S. District Judge